UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Barry M. Creagan, Jr., et al.,                                                                     Case No. 3:16-cv-2788

        Plaintiffs

       v.                                                                                     MEMORANDUM OPINION

Wal-Mart Transportation, LLC, et al.,

        Defendants

## I.     INTRODUCTION

Before me is the motion for summary judgment filed by Defendant Wal-Mart Transportation, Inc. (Doc. No. 156). Filing separately, Plaintiffs Allen and Rita Meadows (collectively, the "Meadows Plaintiffs") (Doc. No. 201) and Plaintiffs Barry and Lauren Creagan (collectively, the "Creagan Plaintiffs") (Doc. No. 204) opposed. Wal-Mart filed a collective reply to the oppositions. (Doc. No. 211).

Related to this matter and also before me is the Creagan Plaintiffs' motion to dismiss Defendant Kirsch Transportation Services, Inc.'s federal preemption affirmative defense. (Doc. No. 172). Kirsch opposed the motion and moved for judgment on the pleading as to the negligence claim filed against it.[1] (Doc. No. 183). In response, the Creagan Plaintiffs opposed Kirsch's motion and replied in support of their own. (Doc. No. 187). Kirsch then replied, in turn. (Doc. No. 193).

## II.     BACKGROUND

On August 14, 2016, a traffic accident occurred on the Ohio Turnpike in Groton Township, Erie County, Ohio. Due to construction at the time, eastbound traffic was reduced to a single lane,

---

[1] Wal-Mart also opposed the motion to dismiss. (Doc. No. 184).

causing traffic to slow below the posted speed limit. Failing to timely recognize the reduced speed of traffic, Defendant Chavan Carter, driving a tractor-trailer, initiated a chain collision involving nine vehicles. Among the nine vehicles were that of the Creagan and Meadows Plaintiffs.

The tractor-trailer Carter was driving was owned by his employer, Defendant Natex Group, Inc. At the time of the collision, Carter was hauling a shipment of birdseed for Wal-Mart pursuant to an arrangement brokered by Kirsch.

Because of this accident, the Creagan Plaintiffs and the Meadows Plaintiffs assert claims of negligence against Wal-Mart and Kirsch. (Doc. No. 58; Case No. 18-344, Doc. No. 1). The essence of these negligence claims is that Kirsch and Wal-Mart, in turn, acted negligently when hiring Natex to transport the shipment.

### III. STANDARD OF REVIEW

#### A. MOTION TO DISMISS AFFIRMATIVE DEFENSE AND MOTION FOR JUDGMENT ON THE PLEADINGS

The same pleading requirements apply to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for judgment under the pleadings pursuant to Rule 12(c). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). The pleadings must demonstrate sufficient factual matter, if taken as true, which state a claim "plausible on its face." *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 470 (2007). "A plaintiff falls short if [they] plead[] facts 'merely consistent with a defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct. . . .'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678) *cert denied*, 562 U.S. 1201 (2011).

On a motion for judgment on the pleadings, all well-pleaded allegations of the non-moving party must be taken as true. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). Judgment is granted only where there is no material issue of fact involved and the moving party is

entitled to judgment as a matter of law. *Paskavan v. City of Cleveland Civil Service Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

## B. MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

## IV. DISCUSSION

After deregulating trucking through the Motor Trucking Act of 1980, Congress enacted the Federal Aviation Authorization Administration Act ("FAAAA") in 1994 in an effort to avoid "a State's direct substitution of its own governmental commands for 'competitive market forces' in determining (to a significant degree) the services that motor carriers will provide." *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 368, 372 (2008). Mirroring the language of the Airline Deregulation Act ("ADA")[2] enacted years earlier, the FAAAA prohibits States from "enact[ing] or enforce[ing] a law, regulation, or other provision having the force and effect of law related to a price,

---

[2] The ADA states that, "a State…may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1).

route, or service of any motor carrier …, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1).[3]

Interpreting the identical portions of the ADA and the FAAAA in the same manner, the Court held that the FAAAA's preemption must too be read broadly. *Rowe*, 552 U.S. at 370. As such, the Court adopted the holding of *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992), which

> determined: (1) that "[s]tate enforcement actions *having a connection with, or reference to*," carrier " 'rates, routes, or services' are pre-empted,"; (2) that such pre-emption may occur even if a state law's effect on rates, routes, or services "is only indirect,"; (3) that, in respect to pre-emption, it makes no difference whether a state law is "consistent" or "inconsistent" with federal regulation; and (4) that pre-emption occurs at least where state laws have a "significant impact" related to Congress' deregulatory and pre-emption-related objectives.

*Rowe*, 552 U.S. at 370-71 (quoting with minor alterations *Morales*, 504 U.S. at 384, 386-87, 391) (internal citation omitted). But this broad preemption is not unlimited; "federal law does not pre-empt state laws that affect rates, routes, or services in 'too tenuous, remote, or peripheral a manner.'" *Rowe*, 552 U.S. at 375 (quoting *Morales*, 504 U.S. at 390).

Not discussed in *Rowe* are the dissimilarities between the language of the ADA and the FAAAA. Of relevance here is the scope of actors covered by each statute. While the ADA applies to "air carrier[s]" alone, the FAAAA applies to "any motor carrier, broker, or freight forwarder." *Compare* 49 U.S.C. § 41713(b)(1) *with* 49 U.S.C. § 14501(c)(1).

Due in part to this difference between the ADA and the FAAAA, courts are divided on the issue currently before me: whether negligent hiring claims against brokers are preempted by the FAAAA when the alleged negligence results in personal injury.[4] Plaintiffs argue that FAAAA

---

[3] Included in "other provision having the force and effect of law" is state common law. *See Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 281-84 (2014) (interpreting the identical language in the ADA).
[4] No circuit court has ruled on this issue. But the district courts who have encountered the issue have diverged on not only conclusion, but also reasoning used to arrive at the conclusion. *Compare Volkova v. C.H. Robinson Co.*, No. 16 C 1883, 2018 WL 741441, at *3-*4 (N.D. Ill. Feb. 7, 2018) (holding negligent hiring claims in the context of personal injury are preempted because the claim

4

preemption does not apply in personal injury cases such as this, relying on precedent of the FAAAA and ADA. But Defendants rely on the reasoning of *Volkova* to argue a claim of negligent hiring "relates to" the "service" of a broker and must be preempted accordingly. I am persuaded by Defendants' argument and the supporting case law.

While the FAAAA provides no definition of "services," it defines transportation to include "services related to th[e] movement [of passengers or property], including arranging for" the transportation of passengers or property. 49 U.S.C. § 13102(23)(B). A broker does just that – "arrange for" the transportation of a shipment by a motor carrier. *See* 49 U.S.C. § 13102(2). Regardless of whether the broker's alleged negligence in its choice of motor carrier results in property damage or personal injury, the service remains the same.[5] As such, Plaintiffs' allegation that all personal injury suits are exempt from FAAAA preemption is without merit. Further, because the negligent hiring claim seeks to enforce a duty of care related to how Kirsch (the broker)

---

relates to the "service" of brokers), and *Krauss v. IRIS USA, Inc.*, No. 17-778, 2018 WL 2063839, at *5-*6 (E.D. Pa. May 3, 2018) (same citing *Volkova*), *with Finley v. Dyer*, No. 3:18-cv-78, 2018 WL 5284616, at *5 (N.D. Miss. Oct. 24, 2018) (same citing *Volkova* and *Krauss*, but holding the claim "saved" by the "safety regulatory" exception). *And compare Volkova, Krauss,* and *Finley* (holding negligent hiring claims with the general preemption as related to the service of brokers), *with Mann v. C.H. Robinson Worldwide, Inc.*, Nos. 7:16-cv-102, 104, 140, 2017 WL 3191516, at *7 - *8 (W.D. Va. July 27, 2017) (holding the claim was not preempted because there was very little if any connection between the personal injury claim and the service of the broker and stating even if it was preempted, the claim would be saved by the safety regulatory exception); *Montes de Oca v. El Paso-Los Angeles Limousine Exp., Inc.*, No. CV 14-9230, 2015 WL 1250139, at *1-*3 (C.D. Cal. Mar. 17, 2015) (holding "a state's police power for ensuring safety is not preempted by the Act, and traditional tort actions are still within a state's jurisdiction."); *Owens v. Anthony*, No. 2-11-0033, 2011 WL 6056409, at *3-*4 (M.D. Tenn. Dec. 6, 2011) (citing ADA case law to hold personal injury negligence claims are not preempted by the FAAAA, but instead under the state's regulatory authority of highway safety issues).

[5] *See ASARCO LLC v. England Logistics Inc.*, 71 F. Supp. 3d 990, 1006-07 (D. Ariz. 2014) (holding negligent hiring claim relates to the services of a broker, by definition, in the context of property claim); *Georgia Nut Co. v. C.H. Robinson Co.*, No. 17 C 3018, 2017 WL 4864857, at *3 -*4 (N.D. Ill. Oct. 26, 2017) (same); *Volkova*, 2018 WL 741441, at *3 (holding negligent hiring claim relates to the services of a broker, by definition, in the context of property claim); *Krauss.*, 2018 WL 2063839, at *5-*6 (same); *Finley*, 2018 WL 5284616, at *5 (same). *But see Mann,* 2017 WL 3191516*,* at *7-*8 (distinguishing personal injury from property damage suits without discussion of the actual services performed by the broker); *Montes de Oca*, 2015 WL 1250139, at * 3 (same).

arranged for a motor carrier to transport the shipment (the service), the claim falls squarely within the preemption of the FAAAA.[6]

Concluding the claim of negligent hiring does "relate to" the broker "service" provided by Kirsch, the remaining question is whether the safety regulatory exception applies to "save" the claims. The exception provides that FAAAA preemption

> shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization.

49 U.S.C. § 14501(c)(2)(A). In support of the argument that the exception applies, the Creagan Plaintiffs argue that to "concern 'transportation of property' for application of the preemption provision," the claim must "concern 'motor vehicles' for application of the safety exception." (Doc. No. 187 at 11). But if this were so, all preempted claims would then be "saved" by the exception. As such, I reject this argument. Because the negligent hiring claim seeks to impose a duty on the service of the broker rather than regulate motor vehicles, I conclude this claim is not within the safety regulatory authority of the state and the exception does not apply. *See also Volkova*, 2018 WL 741441, at*4; *cf. Finley,* 2018 WL 5284616, at *6.

Even though the claim is preempted by the FAAAA as it relates to Kirsch as the broker and, through it, Wal-Mart, Plaintiffs are not without judicial recourse. Reading the FAAAA as a whole, it is clear that Natex as the motor carrier may still be liable for negligence here. The FAAAA mandates that to register as a motor carrier, the entity must carry liability insurance in an amount "sufficient to pay… for each final judgment against the registrant for bodily injury to, or death of, an

---

[6] Although Wal-Mart is a shipper rather than a broker, the negligent hiring claim against Wal-Mart stems entirely from Kirsch's broker services. Because the claim against Wal-Mart indirectly attempts to regulate broker services, it must be preempted as well. *See Rowe*, 552 U.S. at 372 (holding a regulation preempted because even though "it [told] *shippers* what to choose rather than *carriers* what to do," the *effect* of the regulation was on carriers).

6

individual resulting from the negligent operation, maintenance, or use of motor vehicles, or for loss or damage to property …, or both." 49 U.S.C. § 13906(a)(1). The FAAAA does not impose the same requirement on brokers. Not only does this affirmatively establish that a motor carrier may be liable for these types negligence actions, but also the omission of the same language with respect to broker evinces Congressional intent that brokers not be liable for this conduct.

Finally, because the negligent hiring claim is preempted by the FAAAA, I do not find it necessary to address Wal-Mart's arguments regarding duty of care and the Federal Motor Carrier Safety Regulations.

### V.    CONCLUSION

For the foregoing reasons, I conclude the negligent hiring claims[7] against broker Kirsch and through it, Wal-Mart, are preempted by the FAAAA. Therefore, Wal-Mart's motion for summary judgment (Doc. No. 156) and Kirsch's motion for judgment on the pleadings (Doc. No. 183) are granted, as a matter of law. The Creagan Plaintiffs' motion to dismiss affirmative defense (Doc. No. 172) is denied, in turn.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[7] Plaintiffs also bring claims of vicarious liability against Kirsch, stating it is vicariously liable for the acts of Defendant Chavan Carter, as an employee, agent, servant, or independent contractor of Kirsch. (Doc. No. 58 at 11, 19-20, 27-28; Doc. No. 61 at 7-8, 13). But there are no facts alleged which establish any connection between Kirsch and Carter, other than Kirsch's *selection* of Natex, Carter's employer, to transport the goods. Therefore, these claims fall within the preemption of the FAAAA, as well.