UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Barry M. Creagan, Jr., et al.,                  Case No. 3:16-cv-2788

        Plaintiffs

    v.                                            MEMORANDUM OPINION
                                                              AND ORDER

Wal-Mart Transportation, LLC, et al.,

        Defendants

Plaintiffs Barry M. Creagan, Jr., Lauren M. Creagan, Rebecca DeGondea, and L.D., along with Defendants Wal-Mart Transportation, LLC and Kirsch Transportation Services, Inc. jointly move for an order certifying my previously-filed Memorandum Opinion and Order and Judgment Entry as a final judgment to permit appeal. (Doc. No. 246). The parties seek this order under Federal Rule of Civil Procedure 54(b).

As the Sixth Circuit advised,

> Under Rule 54(b), a district "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Thus, the district court must make "two independent findings." *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). First, it must expressly direct entry of a judgment as to one or more, but fewer than all, claims in a multi-claim or multi-party case. *Id.* at 1026−27. Second, it must determine that there is "no just reason for delay" after "balanc[ing] the needs of the parties against the interests of efficient case management." *Id.* at 1027. Further, "Rule 54(b) requires that the district court articulate its reasons for certifying a final order." *EJS Props., LLC v. City of Toledo*, 689 F.3d 535, 537 (6th Cir. 2012).

(Doc. No. 244).

A.    **Multiple Claims and Parties**

Plaintiffs in this multi-defendant consolidated action asserted claims of negligence against Wal-Mart and claims of negligence and vicarious liability against Kirsch. (Doc. Nos. 58 & 61). Claiming the Federal Aviation Authorization Administration Act ("FAAAA") preempted the negligence claims, Wal-Mart moved for summary judgment and Kirsch moved for judgment on the pleadings of the negligence claims asserted against them in this consolidated action. (Doc. No. 156 & 183). I ruled in Wal-Mart and Kirsch's favor, concluding the FAAA did preempt those negligence claims. (Doc. No. 224). I also concluded the vicarious liability claims against Kirsch were preempted by the FAAAA. Because this issue was not briefed initially, I gave the parties an opportunity to brief the vicarious liability claim against Kirsch. (Doc. No. 229). Rather than brief this claim, Plaintiffs voluntarily dismissed these vicarious liability claims against Kirsch with prejudice. (Doc. No. 231).

Because Plaintiffs dismissed the vicarious liability claims with prejudice, only the negligence claims against Kirsch remain appealable. I directed judgment of those claims in my previously-filed Memorandum Opinion and Order and Judgment Entry. Those claims remaining against other parties are distinct from those claims against Kirsch and Wal-Mart. Consequently, my previously-filed Memorandum Opinion and Order and Judgment Entry satisfies the first requirement of Rule 54(b) by directing judgment in Wal-Mart and Kirsch's favor as to those claims against them in this multi-claim, multi-party action.

B.    **Reason for Delay**

In assessing the second requirement of Rule 54(b), the court should consider the following non-exhaustive list of factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a

> claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Gen. Acquisition, Inc.*, 23 F.3d at 1030 (citation omitted). Specifically, the district court "must determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable." *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004).

While the adjudicated and unadjudicated claims here stem from the same multi-vehicle collision, the adjudicated claims present a distinct legal issue from those unadjudicated claims – whether the FAAAA preempts the negligence claims asserted against Kirsch and Wal-Mart. There is no dispute that the remaining Defendants do not fall within this preemption. Should this issue be reviewed now, the Circuit court would not be obliged to reconsider this issue of preemption.

Further, because neither Wal-Mart nor Kirsch are a party to any remaining crossclaim, (Doc. Nos. 144 & 174), there is no possibility of a set-off against the judgment sought to be made final. Instead, should this distinct legal issue be reviewed by the Circuit now, Wal-Mart and Kirsch could be dismissed from this action entirely, drastically reducing the delay caused by continued efforts to resolve the claims pending against the remaining Defendants.

Finally, there is little to no possibility that review of this issue would be mooted by further developments at the district court level. The only manner by which it would be mooted is if a jury concludes none of the Defendants are liable, including the driver who initiated the multi-vehicle collision.

In sum, I find that there is no just reason for delay. The needs of Kirsch and Wal-Mart to timely appeal this finite issue which is unrelated to those issues presented in the unadjudicated claims outweighs the efficiency of having one appeal.

For these reasons, the joint motion of the parties for Rule 54(b) certification of my previously-filed Memorandum Opinion and Judgment Entry as a final judgment for appeal is granted. (Doc. No. 246). The pending motion for a ruling on this matter is denied as moot. (Doc. No. 250).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge